UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-29(DSD/FLN)

Peter J. Schumacher,

       Plaintiff,

v.                                                                      **ORDER**

Federal Home Loan Mortgage
Corporation; Bank of America,
N.A.; Reiter & Schiller, P.A.,
and Peterson, Fram & Bergman, P.A.,

       Defendants.


       William B. Butler, Esq. and Butler Liberty Law, LLC, 33
       South Sixth Street, Suite 4100, Minneapolis, MN 55402,
       counsel for plaintiff.

       Brent R. Lindahl, Esq. and Fulbright & Jaworski, LLP, 80
       South Eighth Street, Minneapolis, MN 55402; Jared M.
       Goerlitz, Esq. and Peterson, Fram & Bergman PA, 55 East
       Fifth Street, St. Paul, MN 55101; Curt N. Trisko, Esq.
       and Schiller & Adam, PA, The Academy Building, 25 North
       Dale Street, St. Paul, MN 55102, counsel for defendants.


       This matter is before the court upon the motions to dismiss by

defendants Federal Home Loan Mortgage Corporation (Freddie Mac);

Bank of America, N.A. (BANA); Peterson, Fram & Bergman, P.A. (PFB)

and Reiter & Schiller, P.A. (R&S).[1] Based on a review of the file,

record and proceedings herein, and for the following reasons, the

court grants the motions.

_____

     [1] PFB and R&S represented BANA and Freddie Mac throughout the
foreclosure proceedings, sheriff's sale and eviction process. The
court refers to these entities collectively as the "law firm
defendants."

**BACKGROUND**

This mortgage dispute arises out of the foreclosure on property owned by plaintiff Peter J. Schumacher. On April 24, 2007, Schumacher and BANA executed a note and mortgage for property located at 89 Oxford Street, St. Paul, Minnesota. Compl. ¶¶ 2, 9.

Schumacher defaulted, and on August 26, 2010, PFB drafted and recorded a Notice of Pendency and Power of Attorney. Id. ¶ 14. Thereafter, PFB noticed a sheriff's sale on September 20, 2011. Id. ¶ 16. BANA, through PFB, purchased the property at the sheriff's sale, and recorded the purchase with the Ramsey County Office of Recorder (Ramsey County). Id. On April 26, 2012, BANA executed a quitclaim deed to Freddie Mac and recorded the transaction with Ramsey County. Id. ¶ 18. On September 10, 2012, R&S, as counsel for Freddie Mac, commenced an eviction proceeding against Schumacher. Id. ¶ 25.

On November 29, 2012, Schumacher filed this action in Minnesota court, alleging claims for quiet title, deceit and collusion under Minnesota Statutes § 481.07, slander of title and negligence per se. Schumacher also seeks a declaratory judgment stating that the sheriff's sale and quitclaim deed are void. Defendants timely removed,[2] and move to dismiss.

---

[2] Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). As such, the court "has a special obligation to consider its own jurisdiction." Id. at 523 (citation omitted).

(continued...)

**DISCUSSION**

## I.  Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

---

[2](...continued)
Defendants claim that original jurisdiction exists pursuant to 28 U.S.C. § 1332(a). See Notice Removal ¶ 12. In the present action, however, the parties are not completely diverse. See id. ¶ 14. Nevertheless, for the reasons that follow, the court concludes that no reasonable claims exist against the non-diverse law firm defendants and that they were fraudulently joined. See Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 546 (8th Cir. 2013) ("[W]e recently concluded that nearly identical claims against a resident law firm had no reasonable basis in law and fact under Minnesota law and constituted fraudulent joinder." (citation omitted)). As a result, diversity jurisdiction exists, and removal of the matter was proper.

The court does not consider matters outside the pleadings under Rule 12(b)(6). <u>See</u> Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that are "necessarily embraced by the pleadings." <u>See</u> <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). In this case, the note and mortgage documents are matters of public record and are properly considered.

## II. Res Judicata

Defendants argue that this action is barred by res judicata. Specifically, defendants argue that Schumacher - and his counsel, William Butler - have already challenged the validity of the instant foreclosure, <u>see</u> <u>Mustafa v. Bank of America, N.A.</u>, No. 12-590, 2012 WL 3612083 (D. Minn. Aug. 21, 2012), and that this lawsuit is nothing more than a brazen attempt to relitigate Schumacher's claim. The court need not reach the res judicata determination, however, as the underlying claims, just as in <u>Mustafa</u>, fail on the merits.

## III. Quiet Title and Declaratory Judgment

Schumacher brings a claim for quiet title and seeks a declaratory judgment that the foreclosure, sheriff's sale and quitclaim deed were invalid. Specifically, Schumacher argues "upon information and belief" that (1) there was an unrecorded assignment from BANA to Freddie Mac prior to the foreclosure and (2) employees

4

of the defendants did not have authority to sign power of attorney and notice of pendency documents or execute the quitclaim deed. Based on these beliefs, Schumacher argues that the foreclosure, sheriff's sale and quitclaim deed were invalid.

These claims fail, however, as they are not adequately pleaded under Iqbal and Twombly and are insufficient to state a claim. "[T]he plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid." Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) (citations omitted). Schumacher responds that state law pleading standards - rather than the federal pleading standards set forth by Iqbal and Twombly - should apply. Such an argument, however, is plainly contrary to established law. See id. As a result, Schumacher fails to state a claim, and dismissal of the quiet title and declaratory judgment claims is warranted.

## IV. Slander of Title

Schumacher next claims slander of title. To state a claim for slander of title, a plaintiff must allege facts that show:

> (1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others; (3) That the false statement was published maliciously; and (4) That the publication of the false

5

> statement concerning title to the property
> caused the plaintiff pecuniary loss in the
> form of special damages.

Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000) (citation omitted). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920). "References to amounts due on mortgages are not properly characterized as false or misleading statements." Mine v. Fed. Home Loan Mortg. Corp., No. 13-220, 2013 WL 443852, at *5 (D. Minn. June 5, 2013) (citation omitted).

In the present case, Schumacher has alleged no facts from which the court could infer that defendants made a false statement, that defendants acted with malice or that Schumacher suffered any pecuniary damages from a publication concerning their title to the property. See Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1257-58 (8th Cir. 2013) (dismissing similarly-pleaded slander-of-title claim). Therefore, Schumacher fails to state a claim for slander of title, and dismissal is warranted.

## V. Negligence Per se

Schumacher next argues that the law firm defendants are negligent per se. Schumacher asserts negligence per se based on the law firm defendants allegedly (1) failing to record all assignments, in violation of Minnesota Statutes § 580.02; (2) failing to record powers of attorney, in violation of Minnesota

Statutes § 580.05 and (3) representing to the eviction court that the foreclosure was valid, in violation of Minnesota Rule of Professional Conduct 3.3.

"The essential elements of a negligence claim are: (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury was sustained; and (4) breach of the duty was the proximate cause of the injury." Lubbers v. Anderson, 539 N.W.2d 398, 401 (Minn. 1995) (citation omitted). "A per se negligence rule substitutes a statutory standard of care for the ordinary prudent person standard of care, such that a violation of a statute ... is conclusive evidence of duty and breach." Gradjelick v. Hance, 646 N.W.2d 225, 231 n.3 (Minn. 2002) (citations omitted).

Under Minnesota law, however, "an attorney acting within the scope of his employment as attorney is generally immune from liability to third persons for actions arising out of that professional relationship." McDonald v. Stewart, 182 N.W.2d 437, 440 (Minn. 1970) (citations omitted). "Further, attorneys are generally not liable to the client's adversary, absent evidence of an affirmative misrepresentation." Karnatcheva v. JPMorgan Chase Bank, N.A., 871 F. Supp. 2d 834, 839 (D. Minn. 2012) (citation omitted), aff'd 704 F.3d 545 (8th Cir. 2013). Moreover, violations of § 580.02, § 580.05 and Rule 3.3 cannot establish negligence per se. See Forseth v. Bank of Am., N.A., No. 13-38, 2013 WL 2297036, at *7 (D. Minn. May 24, 2013); Stilp v. HSBC Bank USA, N.A., No.

12-3098, 2013 WL 1175025, at *2 (D. Minn. March 20, 2013). As a result, dismissal of this claim is warranted.

## VI. Deceit and Collusion

Finally, Schumacher argues a claim for deceit and collusion under Minnesota Statutes § 481.07. Section 481.07 provides that "[a]n attorney who, with intent to deceive a court or a party to an action or judicial proceeding, is guilty of or consents to any deceit or collusion ... shall be liable to the party injured in treble damages." That statute, however, "does not create a new cause of action." Love v. Anderson, 61 N.W.2d 419, 422 (Minn. 1953). Rather, a plaintiff seeking the damages allowed by § 481.07 must "specifically allege a claim of fraud as the underlying cause of action, in compliance with Fed. R. Civ. P. 9(b)." Beardmore v. Am. Summit Fin. Holdings, LLC, No. 01-948, 2001 WL 1586785, at *8 (D. Minn. Dec. 10, 2001) (citation omitted).

Here, Schumacher has neither alleged a claim for fraud nor conformed his allegations to the heightened pleading standard of Rule 9(b). As a result, Schumacher cannot state a claim for deceit and collusion under § 481.07, and dismissal is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motions to dismiss [ECF Nos. 5, 9] are granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 17, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court
